UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01278-MCS<br>5:22-cr-00217-MCS-1 | Date | January 7, 2025 |

Title  *Hernandez v. United States*

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:**  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: MOOTNESS

Petitioner Cynthia Ann Hernandez filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. (Mot., Civ. ECF No. 1.)[1] After briefing on the motion concluded, Petitioner filed in her criminal case a request that the Court update its records to change her mailing address to what appears to be a civilian residence in Visalia, California. (Req., Crim. ECF No. 62.) Mail in the criminal case sent to Petitioner's address of record in the civil case, the Federal Correctional Institution in Phoenix, Arizona, was returned undeliverable. (Returned Mail, Crim. ECF No. 66.) The Bureau of Prisons' online inmate locator indicates Petitioner remains in custody, but the address provided for her is a residential reentry management field office in Sacramento, California.

The Court questions its jurisdiction to adjudicate the motion. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte). "A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'" *Wilson v. Terhune*,

---

[1] The Court uses "Crim." to refer to entries in the criminal case, No. 5:22-cr-00217-MCS-1, and "Civ." to refer to entries in the civil case, No. 5:24-cv-01278-MCS.

319 F.3d 477, 479 (9th Cir. 2003) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Although a habeas petitioner's challenge to an underlying conviction is not rendered moot by a release from custody, *id.* at 480, a challenge to a sentence becomes moot when a petitioner is released, *Lane v. Williams*, 455 U.S. 624, 631 (1982). Here, Petitioner brings a challenge to her custodial sentence based on her counsel's allegedly ineffective assistance at sentencing. (Mot. 3–4.) Her motion may be moot if she has been released from custody, but the Court is uncertain about her custodial status—that is, whether she is housed in an institution in Phoenix, in a residential reentry center managed from Sacramento, or in a noncustodial residence in Visalia.

The Court orders Petitioner to show cause why her § 2255 motion should not be denied as moot. Petitioner shall file a written response within 21 days (1) affirming whether she is housed in an institution, residential reentry center, or private residence, and (2) explaining whether her custodial or noncustodial status renders the motion moot. Respondent also shall file a written response within 14 days of the filing of Petitioner's response or her deadline to file the response, whichever is earlier.

In addition to mailing this Order to Petitioner's address of record in the civil case (that is, FCI Phoenix), the Clerk also shall email this Order to C.09061989@gmail.com and mail it to the following two addresses:

> Cynthia Ann Hernandez
> 4140 West Victor Street
> Visalia, California 93277
>
> Cynthia Ann Hernandez
> c/o RRM Sacramento
> 501 I Street, Suite 9-400
> Sacramento, California 95814

**IT IS SO ORDERED.**